## SHARP et al. v. COMMISSIONER OF INTERNAL REVENUE.*

### No. 6175.

Circuit Court of Appeals, Third Circuit.

Aug. 4, 1937.

See, also, Commissioner of Internal Revenue v. Sharp, 91 F.(2d) 804.

Wm. Barclay Lex, of Philadelphia, Pa. (Hepburn & Norris, of Philadelphia, Pa., of counsel), for petitioners.

James W. Morris, Asst. Atty. Gen., Sewall Key, Sp. Asst. to Atty. Gen., Carlton Fox, and Edward H. Horton, for respondent.

*Rehearing denied Sept. 22, 1937.

Before BUFFINGTON and BIGGS, Circuit Judges, and DICKINSON, District Judge.

DICKINSON, District Judge.

There are two petitions for review of the decision of the Board of Appeals in the nature of cross-appeals. For clarity of treatment, we make them the subject of separate opinions. The questions raised concern the estate of Walter P. Sharp, deceased, as taxpayer. The executors returned certain items of property as constituting the gross taxable estate of the decedent. Upon this a tax of $9,855.58 was assessable. The Commissioner thought other items of property should be included calling for the assessment of a deficiency tax of $48,483.-88. The taxpayer asked for a redetermination of the tax. The Board redetermined it by finding a deficiency of $13,632.12. The taxpayer and the Commissioner each appealed to this court. This appeal is that of the taxpayer. Several of the objections made to the deficiency claim of the Commissioner have been abandoned. Those which remain raise two questions. The decedent died March 13, 1926, with 5,012 shares of the capital stock of the Stephen F. Whitman & Son, Inc., standing in his name on the books of the corporation as owner. The stock had a par value of $100 per share. What is known to this record as a pooling agreement existed under which, in the event of the death of a stockholder, the other stockholders had the right to acquire the stock of the deceased shareholder, at, what may be called, its book value. On March 1, 1926, preceding the death of the petitioners decedent, the corporation declared a dividend of $8 per share payable to the stockholders of record on March 15, 1926. This it will be noted was after the death. On March 15, 1926, the stock stood in the name of the decedent and the dividend was paid to his executors. Subsequently the other stockholders exercised their option to take the stock and the book value was found to be $123.11 per share. This was an ex-dividend valuation. The first controversy is over this stock. The Commissioner asserts, and the Board found, that for tax purposes this stock should be included in the gross estate of the decedent at a valuation of $131.11 per share. This ruling the taxpayer assigns for error.

The second controversy is over the inclusion in the taxable gross estate of certain investments. The decedent just before

his death had created certain trusts, the subject of which admittedly formed no part of his estate. He had recently before purchased and directed through his brokers the purchase of a number of investments. These the taxpayer asserts were purchased for the trust and belong to it and hence form no part of the decedent's estate.

These investments were made the subject of a bill in equity filed in the state court of common pleas. The investments were decreed to belong to the trust estate. The Board of Tax Appeals found the investments in question had not been transferred to the trust and that the ultimate intent and purpose of the decedent to transfer them did not operate as such transfer. This finding the taxpayer has assigned for error.

 This presents the two questions raised by this appeal.

1. Whether a dividend declared March 1, 1926, before but payable March 15th, after the death of the decedent, to the then stockholders of record is properly included in the gross estate of decedent for tax purposes.

The view of the Tax Commissioner is that the declared dividend is to be considered as part of the stock on March 13th, the date of death, and the stock to be valued with the dividend. The question has thus been discussed as one of the value of the stock.

Another view is, however, that the dividend moneys, by the declaration, were taken out of the assets of the corporation and became a debt liability to the stockholders. For tax purposes it makes no difference which view is taken. The valuation of the estate assets is the same whether the stock is valued with the dividend or is valued ex-dividend and the dividend debt value is added. The interval between the date of death (March 13th) and the due date of the dividend (March 15th) is so short that the valuation as of the two dates is treated as the same. We so treat it. Either of these views is one way of dealing with the question, but, for taxing purposes, the real question is whether the declared dividend, which was not payable nor paid until after the death, was, when received, by the estate, income to the estate or part of its corpus. The executors treated it as income and so returned it, paying an income tax thereon. The tax commissioner and the Board of Tax Appeals have in effect ruled it to be part of the corpus of the es-

tate and that a second tax must be paid on it. Accountants and the stock market have conventions upon which they act. The law likewise has its conventions, which we must accept and follow. When a corporation declares a dividend payable at a future date to the then stockholders of record, the sum of the dividend is thereby taken out of the assets of the corporation and becomes a debt liability to the stockholders to whom payable. Flynn v. Haas Bros. (C. C.A.) 20 F.(2d) 510.

This is admitted by both parties to be the law. It follows as a corollary that the stockholder to whom the dividend is payable may sue to recover it as any creditor may do. The stockholder to whom the dividend is payable is, however, unknown until the due date. The right of this decedent to the declared dividend did not mature during his lifetime. Did he possess the right to any part of it? The answer to this question depends upon what may be called a convention of the law. The law, for reasons of its own, has different conventions. A corporation or other debtor has a bonded indebtedness bearing interest —it has likewise a rent debt obligation. In the loose sense in which we employ the word "equity," the bondholder and the landlord would have equal claims to accruing interest and accruing rent. In the legal view, however, the interest accrues per diem et die; the rent accrues only when it becomes payable. Is there the like difference between interest and dividends? The Board based its ruling upon the authority of Degener, Ex'r, v. Commissioner, 26 B. T.A. 185. That ruling is not applicable because that was the case of an interest obligation. The argument drawn from the regulation has no weight because it is directed to the value of the stock whether with dividend or ex dividend. Here the question is whether a dividend payable and paid after death is an income of the estate or part of the corpus because it may be said to have been earned before death.

The conclusion reached is that it is income and hence no part of the gross taxable estate of the decedent. This renders it unnecessary to discuss the question of the effect of the agreement to sell.

 2. The second question is whether certain items of property were part of the decedent's estate or of a trust estate which he had created. This is determined by a fact finding which the Board has made against the taxpayer. By this we are

bound. The question was, however, raised between the estate and the trust estate, and a state court of competent jurisdiction ruled that the property in question belonged to the trust estate. It, of course, follows that this property formed no part of the decedent's estate. We are, however, concerned not with the question of ownership but with a question of tax liability. The ruling is not technically res adjudicata against the taxing authorities because it might well be that as between distributees claiming through a decedent's estate and others claiming through a trust estate the decision might go to the latter, yet the same property might be held to belong to the decedent's estate for tax purposes.

This property is taxable.

The order of the Board of Tax Appeals is modified, as herein noted, and the cause remanded for further proceedings in accordance with this opinion.