HELVERING, Commissioner of Internal Revenue, v. RHODES' ESTATE et al.

No. 11838.

Circuit Court of Appeals, Eighth Circuit.

Feb. 4, 1941.

Michael H. Cardozo, IV, Sp. Asst. to Atty. Gen. (Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key and J. Louis Monarch, Sp. Assts. to Atty. Gen., on the brief), for petitioner.

Thomas F. McDonald, of St. Louis, Mo. (Forrest C. Donnell and Claude P. Berry, both of St. Louis, Mo., on the brief), for respondents.

Before SANBORN, WOODROUGH, and JOHNSEN, Circuit Judges.

WOODROUGH, Circuit Judge.

This appeal is taken by the Commissioner of Internal Revenue to reverse the decision of the Board of Tax Appeals, reported in 41 B.T.A. 62. The Board held that the estate of Mamie D. Rhodes, deceased, was not subject to a certain deficiency tax which was assessed against the estate under Section 302 of the Revenue Act of 1926, as amended, 26 U.S.C.A. Int.Rev.Acts, page 227, on the basis that Mamie D. Rhodes was the owner at the time of her death of certain shares of stock of the International Shoe Company. It was the opinion of a majority of the Board that two certain decrees of the Circuit Court of the County of St. Louis had conclusively established that the decedent did not own the stock in question at the time of her death. The Commissioner contends that he was not bound by the decrees and that the assessment should have been sustained because of the presumption of validity to which it was entitled. The facts found by the Board are set forth in the report of its decision and need not be repeated here.

The point upon which the Commissioner argues for reversal is that the decrees of the state court were not binding determinations of the fact of ownership by Mamie D. Rhodes of the stock in question at the time of her death. He contends that the controlling decisions of the federal courts go no further than to establish that state court decisions are deemed to be conclusive authorities in federal tax controversies only with respect to state law and not in respect to issues of fact. He insists that the cases holding that state law is binding upon the Commissioner should be distinguished because they involved questions of law instead of purely factual issues. He cites the following cases, which have been examined: Morgan v. Commissioner, 309 U.S. 78, 60 S.Ct. 424, 84 L.Ed. 585; Estate of Sanford v. Commissioner, 308 U.S. 39, 60 S.Ct. 51, 84 L.Ed. 20; Lyeth v. Hoey, 305 U.S. 188, 59 S.Ct. 155, 83 L.Ed. 119, 119 A.L.R. 410; Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487; Sharp v. Commissioner, 303 U.S. 624, 58 S.Ct. 748, 82 L.Ed. 1087; Blair v. Commissioner, 300 U.S. 5, 57 S.Ct. 330, 81 L.Ed. 465; Freuler v. Helvering, 291 U.S. 35, 54 S.Ct. 308, 78 L.Ed. 634; Burnet v. Harmel, 287 U.S. 103, 53 S.Ct. 74, 77 L.Ed. 199; Poe v. Seaborn, 282 U.S. 101, 51 S.Ct. 58, 75 L.Ed. 239; Tyler v. United States, 281 U.S. 497, 50 S.Ct. 356, 74 L.Ed. 991, 69 A.L.R. 758; Black & White Taxi Co. v. B. & Y. Taxi Co., 276 U.S. 518, 48 S.Ct. 404, 72 L.Ed. 681, 57 A.L.R. 426; Robbins v. Commissioner, 1 Cir., 111 F.2d 828; Brainard v. Commissioner, 7 Cir., 91 F.2d 880, appeal dismissed, 303 U.S. 665, 58 S.Ct. 748, 82 L.Ed. 1122; United States v. Mitchell, 7 Cir., 74 F.2d 571; Fidelity & Columbia Trust Co. v. Lucas, D.C., 52 F.2d 298, reversed, 6 Cir., 66 F.2d 116; Jackson v. Commissioner, 32 B.T.A. 470; Mississippi Valley Trust Co. v. Commissioner, 8 Cir., 72 F.2d 197; cer-

tiorari denied, 293 U.S. 604, 55 S.Ct. 119, 79 L.Ed. 695; Carnrick v. Commissioner, 21 B.T.A. 12; Uterhart v. United States, 240 U.S. 598, 36 S.Ct. 417, 60 L.Ed. 819; Dayton & Mich. R. Co. v. Commissioner, 4 Cir., 112 F.2d 627; Commissioner v. Dean, 10 Cir., 102 F.2d 699; United States v. Merchants National Trust & Savings Bank, 9 Cir., 101 F.2d 399; Sharp v. Commissioner, 3 Cir., 91 F.2d 802, reversed, 303 U.S. 624, 58 S.Ct. 748, 82 L.Ed. 1087; Wells Fargo Bank & Trust Co. v. McLaughlin, 9 Cir., 78 F.2d 934, certiorari denied, 296 U.S. 638, 56 S.Ct. 172, 80 L.Ed. 453; Hubbell v. Helvering, 8 Cir., 70 F.2d 668; Proctor v. White, D.C.Mass., 28 F. Supp. 161.

We are of the opinion and conclude that the decision of the Board that it was bound to accept the decrees of the state court as conclusive determinations of the fact that Mamie D. Rhodes did not own the property in question at the time of her death, was fully in accord with and sustained by the cases cited and relied on by the Board, to-wit: Poe v. Seaborn, 282 U.S. 101, 51 S.Ct. 58, 75 L.Ed. 239; Tyler v. United States, 281 U.S. 497, 50 S.Ct. 356, 74 L.Ed. 991, 69 A.L.R. 758; Freuler v. Helvering, 291 U.S. 35, 54 S.Ct. 308, 78 L.Ed. 634; Blair v. Commissioner, 300 U.S. 5, 57 S.Ct. 330, 81 L.Ed. 465; Sharp v. Commissioner, 303 U.S. 624, 58 S.Ct. 748, 82 L.Ed. 1087, reversing per curiam, 3 Cir., 91 F.2d 802. Add Hubbell v. Helvering, 8 Cir., 70 F.2d 668, where our opinion in Hubbell v. Burnet, 8 Cir., 46 F.2d 446, is reconsidered in the light of Freuler v. Helvering, supra.

We are not unmindful of the argument for the Commissioner that instances may arise in which "the effect of accepting decrees of state courts as binding determinations of issues of fact presented in federal tax cases * * * would frequently be most undesirable" and that "the federal revenue could suffer considerably if the Commissioner were bound * * * in determining the taxability of the interests involved." But here an administrator ad litem was duly appointed and empowered to defend the estate of Mamie D. Rhodes, deceased, against an adversary suit. There is no evidence of any fraud or collusion or failure on the part of the administrator ad litem to perform his duty to defend the estate in good faith. Whether, if there had been such evidence, the Board of Tax Appeals could have disregarded the state court decree, it is not necessary to decide. The court had jurisdiction of the parties and the subject matter and the Board rightly held that the state court decrees were binding and determinative of the ownership of the property involved, and that ownership was not in Mamie D. Rhodes at the time of her death.

Affirmed.