## ST. LOUIS UNION TRUST CO. v. UNITED STATES.

### No. 46.

District Court, E. D. Missouri, E. D.

June 10, 1943.

M. Manning Marcus, Llewellyn A. Luce, and William J. Byrne, all of Washington, D. C. (Frank E. Morris, of St. Louis, of counsel), for plaintiff.

Harry C. Blanton, U. S. Atty., of Sikeston, Mo., Russell Vandivort, Asst. U. S. Atty., of St. Louis, Mo., Samuel C. Clark, Jr., Asst. Atty. Gen., and Andrew D. Sharpe and E. E. Angevine, Sp. Assts. to the Atty. Gen., for defendant.

MOORE, District Judge.

This is a suit for alleged overpayment of income taxes of an individual for the year 1919. Since the commencement of the dispute between the taxpayer, William Northrup McMillan, and the government, the taxpayer has died and this suit is by the St. Louis Union Trust Company, executor of his estate.

The facts giving rise to the alleged overpayment are as follows: The taxpayer's father founded a trust providing that the income thereof was to be paid in equal shares to the taxpayer and to the taxpayer's mother. Upon the death of either beneficiary, the whole income of the trust was to be paid to the survivor during his or her life and after the death of the survivor, some other disposition was provided which is not germane to this controversy. The taxpayer and his mother agreed in 1913 that they would vary the benefits of the father's trust in this wise: Each agreed that if he or she survived the other, the survivor would pay one-fourth of his income to the mother's estate. In 1917, taxpayer executed an assignment of one-fourth of his trust income and filed it with the trustee of his

father's trust. During the year 1919, this one-fourth share was paid to the mother's estate according to the terms of the 1913 agreement and the 1917 assignment. The amount so paid was assessed to this taxpayer for income tax purposes and he challenges the assessment in the usual manner. Since the beginning of this controversy, the taxpayer has engaged in litigation with the trustees of his father's trust to determine whether the courts of the State of Missouri would enforce payment of the one-fourth share of the trust income to the mother's estate. In that suit, the trial court held the 1913 agreement valid and enforceable, but held the 1917 assignment void for want of consideration. On appeal to the Missouri Supreme Court, it was held (Bixby v. St. Louis Union Trust Co., 323 Mo. 1014, 22 S.W.2d 813) that the father's trust was a spendthrift trust and that both the 1913 agreement and the 1917 assignment are void.

Since plaintiff bases his case on the theory that the disputed amount was an assignment of part of the equitable ownership of the trust res and therefore an assignment, not merely of income, but of income-producing property within the doctrine of Commissioner v. Field, 2 Cir., 42 F.2d 820, and was for a valid consideration, Blair v. Commissioner, 300 U.S. 5, 57 S.Ct. 330, 81 L.Ed. 465, we think the decision of the Missouri court, supra, is decisive of the issue. The trust set up by taxpayer's father being a spendthrift trust, the mutual promises of taxpayer and his mother in the 1913 agreement to re-arrange the distribution of the trust income by assignment, are each without consideration. The Field and Blair cases, supra, as well as LaMonte & Son v. Commissioner, 2 Cir., 32 F.2d 220, Shellabarger v. Commissioner, 7 Cir., 38 F.2d 566; Central Life Assur. Soc., Mut. v. Commissioner, 8 Cir., 51 F.2d 939, and Bettendorf v. Commissioner, 8 Cir., 49 F.2d 173, cited by plaintiff, all turn on the point that there was a valid assignment of income-producing property based on a valid consideration.

The history of the Blair case, supra, in the courts makes this doubly plain. The Circuit Court of Appeals of the Seventh Circuit held, 60 F.2d 340, that the trust involved in the Blair case was a spendthrift trust and that an attempted assignment of part of the trust income did not relieve the beneficiary from paying income tax on the full income. Subsequent to this decision,

the Illinois courts decided that the trust there involved was not a spendthrift trust. Thereupon, the tax case was re-heard in the Circuit Court of Appeals, 7 Cir., 83 F. 2d 655, but that court did not change its opinion of the case and certiorari was granted by the Supreme Court. It was there held that the ruling of the state court was determinative of the rights of the parties with respect to the trust and that the federal courts must take cognizance of the state decision in determining the tax controversy.

On the authority of the Blair case, therefore, there is no question but that we are bound by the decision in Bixby v. St. Louis Union Trust Co., supra, and that plaintiff is not in a position to raise the issue that the assignment of the trust income was for a consideration. See, also, Freuler v. Helvering, 291 U.S. 35, 54 S.Ct. 308, 78 L.Ed. 634; Sharp v. Commissioner, 303 U.S. 624, 58 S.Ct. 748, 82 L.Ed. 1087, reversing 3 Cir., 91 F.2d 802, and Helvering v. Rhodes' Estate, 8 Cir., 117 F.2d 509,

Plaintiff advances another theory, that since the final decision in the Missouri Supreme Court was not rendered until 1929, that in 1919 his right as to the one-fourth share of the trust income was disputed, not absolute, and that therefore this case is within the rule that a taxpayer cannot be assessed income tax on income which he has not received nor may ever receive. In support of this, plaintiff cites North American Oil Consolidated v. Burnet, 286 U.S. 417, 52 S.Ct. 613, 76 L.Ed. 1197, and cases cited in that decision. Lucas v. American Code Co., 280 U.S. 445, 50 S.Ct. 202, 74 L. Ed. 538, 67 A.L.R. 1010; Burnet v. Sanford & Brooks Co., 282 U.S. 359, 51 S.Ct. 150, 75 L.Ed. 383; Burnet v. Logan, 283 U. S. 404, 51 S.Ct. 550, 75 L.Ed. 1143. In the North American case, the taxpayer was engaged in exploiting oil land and a dispute arose to the title to the land. Litigation ensued and the income derived from the production of oil on the land was ordered paid to a receiver. After the taxpayer had proved its right to the fund, it was held that the fund constituted income for the year in which the dispute was finally adjudicated, not in the year in which the funds were originally derived. The Supreme Court held that the test for determining when income is to be charged to a taxpayer for tax purposes is the time when the taxpayer's right to demand payment of income is absolute. Plaintiff here con-

tends that since his right to the trust income was in doubt until the case was finally adjudicated in the Missouri Supreme Court, that in any event the disputed income is not taxable to him for the year 1919, but for the year 1929 when the Missouri Supreme Court finally ruled on the Bixby case.

While the suggested application of the North American rule to this case is ingenious, this case is readily distinguishable. By the terms of the trust, the income was taxpayer's absolutely; the only doubt as to his right was a doubt raised by his own act. It is true that this taxpayer did not receive the money paid to the mother's estate and it is likewise true that he never will receive it, simply because he created that situation by his voluntary act. In effect, plaintiff has made a gift of the money. Compare Helvering v. Horst, 311 U.S. 112, 61 S.Ct. 144, 85 L.Ed. 75, 131 A. L.R. 655. In this connection, the taxpayer points out that he kept his books on a cash rather than on an accrual basis. We cannot see where this would make any difference in the ruling.

The Government, by way of defense, sets up the theory that it would be entitled to set off additional taxes claimed to be due for the year 1920 against any judgment rendered for the plaintiff, as an equitable recoupment. Since the plaintiff is not entitled to judgment, the propriety of an equitable recoupment need not be determined.