**HUBBELL v. HELVERING, Commissioner of Internal Revenue.**

**No. 9790.**

Circuit Court of Appeals, Eighth Circuit.

April 12, 1934.

Joseph G. Gamble, of Des Moines, Iowa (Joseph F. Rosenfield and Gamble, Read & Howland, all of Des Moines, Iowa, on the brief), for petitioner.

E. E. Angevine, Sp. Asst. to Atty. Gen. (Sewall Key and John G. Remey, Sp. Assts. to Atty. Gen., on the brief), for respondent.

Before STONE and SANBORN, Circuit Judges, and WYMAN, District Judge.

STONE, Circuit Judge.

This is a petition to review orders of the Board of Tax Appeals redetermining the personal income taxes of petitioner and fixing deficiencies for the years 1924 to 1928, both inclusive.

The facts are stipulated. Frederick M. Hubbell and wife created a trust. In each of the above years, the trustees charged upon the books of the trust estate stated amounts (differing in each year) for depreciation upon depreciable property belonging to the estate and covering the items of buildings, furni-

ture and fixtures, renewals and replacements, paving and sidewalk assessments, and automobiles. Also, in the years 1924, 1925, 1926, and 1928, the trustees made similar charges covering the undepreciated cost of obsolete buildings demolished or abandoned by orders of the trustees. After the deduction of the above and other items (of expense not here in question), the trustees distributed the net income (so ascertained) of the estate to the beneficiaries, of whom this petitioner is one. None of the amounts so charged and set aside have been distributed to the beneficiaries. Deeming these amounts as constituting income "distributable" to the beneficiaries, the Commissioner assessed taxes against each beneficiary for his or her allocate part thereof as income "distributable" to the particular beneficiary and taxable to him. The taxes so assessed thereon to the petitioner, as a beneficiary, are the subject of this controversy.

The broad question thus presented is whether amounts retained by these trustees out of the gross receipts from the trust estate for the above years to maintain a reserve for depreciation of trust assets, and to offset the undepreciated cost of obsolete buildings abandoned, constitute income distributable to the beneficiaries and, as such, taxable to them.

The taxing statutes governing the years involved here are sections 219 (a) (b) and (c) and 214 (a) (8) of the Revenue Act of 1924 (43 Stat. 253, 275, 276, 270) and of the Revenue Act of 1926 (44 Stat. 9, 32, 33, 27, 26 USCA §§ 960 note and 955 (a) (8) and note), and sections 23 (k), 143 (c), 161 (a) (4) and (b) and 162 (b) of the Revenue Act of 1928 (45 Stat. 791, 800, 833, 838, 26 USCA § 2023 (k), 2143 (c), 2161 (a) (4), (b), 2162 (b). As applicable to the issue here, the provisions of these various acts are the same in substance. In this respect they are also in substance the same as section 219 (a) (d) recently passed on by the Supreme Court (John Freuler, Adm'r, v. Helvering, Commissioner, 54 S. Ct. 308, 78 L. Ed. ——, decided January 8, 1934). That decision determines that the entire net income of the trust estate is taxable; that, in determining such net income, the trustee is authorized to make the appropriate deduc-

tions allowed by law to other taxpayers; that so much of such net income as is distributable to the beneficiaries is taxable to them; that whether a part of such income is so distributable depends upon the terms of the instrument creating the trust; that a decision as to the requirements of the instrument in that respect made by the state court having jurisdiction of administration of the trust determines the property rights of the beneficiaries as to distribution by establishing, until reversed or overruled, the law of the state respecting distribution under the trust estate.

The question as to "distributable" income was presented to this court as to this trust estate in a case involving taxes for the years 1922 and 1923. This court construed this trust instrument as not requiring nor providing for the setting aside by the trustees of the above character of depreciation and obsolescence charges, and therefore the amounts so set aside were held distributable to the beneficiaries and taxable to them. Hubbell v. Burnet (C. C. A.) 46 F.(2d) 446, certiorari denied 283 U. S. 840, 51 S. Ct. 487, 75 L. Ed. 1450.

If it were open to us in this case to construe this trust agreement, we would see no reason to change the views and conclusions stated in the earlier case. Petitioner contends that we have no such freedom, but are bound to accept a contrary construction announced by the District Court of the state of Iowa in and for Polk county, entered July 10, 1931 (since our opinion in the above case). We think this contention ruled in favor of petitioner by the above case of John Freuler, Adm., v. Guy T. Helvering, Commissioner, decided by the Supreme Court, since submission of this case. In respondent's brief in this case is the statement: "This identical question is now before the Supreme Court in John Freuler, Administrator of the Estate of Louise P. V. Whitcome, v. Guy T. Helvering. * * *" We are not able to distinguish the two cases.

The result is that the order of the Board of Tax Appeals affirming the determination by the Commissioner of these deficiencies in taxes of the petitioner must be reversed and remanded for proceedings in accordance with this opinion.