## ST. LOUIS UNION TRUST CO. v. UNITED STATES.

### No. 12803.

Circuit Court of Appeals, Eighth Circuit.

July 10, 1944.

Llewellyn A. Luce, of Washington, D. C. (M. Manning Marcus and William J. Byrne, both of Washington, D. C., and Walter N. Davis, of St. Louis, Mo., on the brief), for appellant.

Ray A. Brown, Sp. Asst. to Atty. Gen. (Samuel O. Clark, Jr., Asst. Atty. Gen., Helen R. Carloss, Sewall Key and Joseph M. Jones, Sp. Assts. to Atty. Gen., and Harry C. Blanton, U. S. Atty., of Sikeston, Mo., and Russell Vandivort, Asst. U. S. Atty., of St. Louis, Mo., on the brief), for appellee.

Before GARDNER, JOHNSEN, and RIDDICK, Circuit Judges.

RIDDICK, Circuit Judge.

This is an appeal from a judgment against a taxpayer in a suit to recover an alleged overpayment of income taxes for the year 1919. The facts are not in dispute. The question presented is whether the taxpayer is liable for income taxes upon that part of the income of a trust, payable to him as beneficiary, which the trustees paid over to taxpayer's mother at his direction.

William McMillan died in 1901, leaving his estate in trust, with directions to the trustees to pay the income of the trust estate in equal shares to his wife, Eliza McMillan, and to his son, William Northrup McMillan, during their lives, and the whole income to the survivor of them during his or her life. The will creating the trust provided that the beneficiaries should take the income payable to them free from interference or control of creditors, and that neither should have the right to alienate, encumber, or otherwise dispose of his or her interest in the trust estate, or to anticipate or charge the income payable to either of them.

In October 1913, the mother and son entered into a written agreement to the effect that the survivor of them would pay to the estate or to the nominee of the other one-fourth of the income receivable as surviving beneficiary, the payments provided for in each case to continue for the life of the surviving beneficiary.

There is evidence in the record that the agreement just stated was abrogated by the mutual consent of the parties. Nevertheless, Eliza McMillan, who died in 1915, referred to it in her will as an existing contract, and made certain bequests which it was impossible for her estate to pay unless the agreement was in effect and was performed. Possibly to avoid an income tax liability asserted by the Commissioner of Internal Revenue, and certainly to enable the will of Eliza McMillan to be executed according to its terms, William Northrup McMillan, in 1917, executed and delivered to the executor of his mother's estate a written assignment of one-fourth

of the income of the trust estate payable to him under the terms of the trust created by his father. This instrument became effective as of January 1, 1917, referred to the agreement of 1913 between Eliza McMillan and William Northrup McMillan, and declared that it was intended by the parties to that agreement to make an equitable assignment of one-fourth of the income payable to William Northrup McMillan under the terms of the William McMillan trust.

The Commissioner ruled that William Northrup McMillan was liable for income taxes upon that portion of the 1919 income from the William McMillan trust paid over to the estate of his mother according to the terms of the 1913 contract and the 1917 assignment. The trustees of the William McMillan trust and William Northrup McMillan questioned the validity of the contract and assignment, in view of the provision of the William McMillan trust to the effect that the beneficiaries received income of the trust free from claims of creditors and without the right of anticipation or assignment. To settle the latter question, suit was instituted in a Missouri court, which resulted in a decision of the Supreme Court of that State in 1929 holding the contract and the assignment void as contrary to the terms of the William McMillan trust. Bixby v. St. Louis Union Trust Co., 323 Mo. 1014, 22 S.W.2d 813. In the meantime, William Northrup McMillan had paid the income taxes assessed by the Commissioner for the year 1919 in the amount determined after the inclusion in his income for that year of all of the income payable to him as beneficiary under the William McMillan trust, and had instituted this suit to recover the amount of income tax resulting from the Commissioner's action. Following his death the suit was revived in the name of the executor of his estate, the appellant here.

We think the facts in this case lead inevitably to the conclusion that William Northrup McMillan was liable for the tax as levied. The law of Missouri controls upon the question of the power of William Northrup McMillan to convey an interest or estate in the corpus of the William McMillan trust or to assign or transfer to another his right to the income of the trust estate in advance of its receipt. Blair v. Commissioner, 300 U.S. 5, 9, 57 S. Ct. 330, 81 L.Ed. 465; Morgan v. Commissioner, 309 U.S. 78, 80, 626, 60 S.Ct. 424, 426, 84 L.Ed. 585, 1035; United States v. Pierce, 8 Cir., 137 F.2d 428, 431, 148 A.L. R. 1228; Helvering v. Rhodes' Estate et al., 8 Cir., 117 F.2d 509. To be sure, William Northrup McMillan had the power, after receipt by him of income from his father's estate, to dispose of the income in such manner as he desired. The fact that he did so by paying a portion of it to the estate of his mother did not relieve him from liability to pay the income tax imposed by law. Section 219, Revenue Act of 1918, 40 Stat. 1057, 1071. Nor is it of any importance upon the question that the payment to his mother's estate was made at his direction by the trustees of the William McMillan estate as the income of that estate became payable, and without actual payment into the hands of William Northrup McMillan. See and compare: Corliss v. Bowers, 281 U.S. 376, 50 S.Ct. 336, 74 L.Ed. 916; Blair v. Commissioner, supra; Helvering v. Horst, 311 U.S. 112, 61 S.Ct. 144, 85 L.Ed. 75, 131 A.L.R. 655; Harrison v. Schaffner, 312 U.S. 579, 61 S.Ct. 759, 85 L.Ed. 1055; Hort v. Commissioner, 313 U.S. 28, 61 S.Ct. 757, 85 L.Ed. 1168; Pearce v. Commissioner, 315 U.S. 543, 62 S.Ct. 754, 86 L.Ed. 1016; Helvering v. Stuart, 317 U.S. 154, 63 S.Ct. 140, 87 L. Ed. 154.

The judgment of the District Court is affirmed.