**SPIES et al. v. UNITED STATES.**
**Civ. No. 413.**

United States District Court
N. D. Iowa, Central Division.
July 18, 1949.

D. M. Kelleher, Fort Dodge, Iowa, Edward D. Kelly, Emmetsburg, Iowa, for plaintiffs.

Theron Lamar Caudle, Assistant Attorney General, Ruppert Bingham, Special Assistant to Attorney General, Tobias E. Diamond, U. S. District Attorney, Sioux City, Iowa, Wm. B. Danforth, Assistant U. S. District Attorney, Sioux City, Iowa, for defendant.

GRAVEN, District Judge.

This is an action by the four beneficiaries of two trusts against the United States for

refunds of individual income taxes assessed and collected from each of said beneficiaries under protest, for the years 1941 and 1943, involving the question of whether the income from the trusts was taxable to the fiduciaries or to the beneficiaries.

On December 20th, 1934, Jacob A. Spies, deceased, a resident of Palo Alto County, Iowa, executed a trust agreement in which he transferred in trust to plaintiffs Charles J. Spies, Adolph A. Spies, and Elizabeth Spies Hossack, as trustees, a large number of bonds which he then owned. This is known and referred to as the Bond Trust. The beneficiaries of the trust, plaintiffs in this action, were his wife, Anna Spies, and his three children, the trustees above named. Article Two of said trust provided in part that upon the death of the Settlor:

"There shall be paid to Settlor's wife, Anna Spies, so much of the net income of the trust estate, which, added to other income which she shall be entitled to receive from other sources, shall produce a monthly income to her of Five Hundred Dollars ($500). In the event that said Five Hundred Dollar ($500) monthly income shall be insufficient to properly maintain, care for and support her, then the Trustees in their sole discretion may pay to her an additional sum of Three Hundred Dollars ($300) in any one month so as to provide for her proper maintenance, comfort and support."

The balance of the income from the trust, after an accumulation of $10,000 in a "Trust Reserve Fund," was to be paid "in convenient installments, to Settlor's children * * * in equal shares, so long as they shall live."

The trustees were vested with complete discretion to determine in what manner expenses are to be borne and receipts are to be allocated between principal and income, and also to determine what shall be "income" and "net income." Anticipated payments of income were expressly made nontransferable and nonassignable either voluntarily or by operation of law. The trustees were authorized to act with the concurrence of any two of them, and provision was made for the absolute right of selection and removal of successor trustees by any of the original trustees still acting as such, the total number of trustees always to be maintained at three.

Upon the death of the Settlor, Jacob A. Spies, there was admitted to probate in the District Court of Iowa in and for Palo Alto County his last will and testament and three codicils thereto which established a second trust in favor of the same beneficiaries and with the same trustees. This is known and referred to as the Testamentary Trust. This trust, among other things not here involved, provided that the trustees pay from the trust any amount needed to make up the $500 per month income for the wife provided by the other trust, and distribute the balance equally among the three children. Paragraph 8 of the third codicil to the will provided:

"The distribution hereinabove contemplated shall not be anticipated or alienated in any manner, voluntarily or involuntarily. It is my intention that my own children, and, under the conditions above set forth, their own children, shall enjoy said distribution, and if for any reason the trustees conclude that any beneficiary normally entitled to share in a distribution would not for any reason enjoy the substantial benefits of the distribution, personally, then the trustees shall have the right to refrain from making any distribution to such beneficiary, or beneficiaries, and may add such portion of the funds to the funds being distributed to the other beneficiaries."

The trustees filed fiduciary returns showing net income of $9225.47 and $6205.90 for the years 1941 and 1943, respectively, from the Bond Trust, and showing net income of $2553.47 and $8551.89 for the same years, respectively, from the Testamentary Trust. On the Bond Trust return for the year 1943 deductions were taken for $15,000 distributed to each of the three trustee-beneficiaries in that year, and on the Testamentary Trust returns for the years 1941 and 1943 deductions were taken for distributions made to Anna Spies of $2500 and $4000 respectively.

On audit of these fiduciary returns and of the individual returns of each of the beneficiaries for these years, the Commissioner of Internal Revenue determined that the beneficiaries should have included the

following income from the two trusts in reporting their individual income for the years 1941 and 1943:

| Bond Trust | 1941 | 1943 |
|---|---|---|
| Anna Spies | $6000.00 | $6000.00 |
| Elizabeth Spies Hossack | $1075.09 | $ 105.48 |
| Charles J. Spies | $1075.09 | $ 105.48 |
| Adolph A. Spies | $1075.09 | $ 105.48 |

| Testamentary Trust | | |
|---|---|---|
| Anna Spies | ($2500.00) | ($4000.00) |
| Elizabeth Spies Hossack | $1554.81 | $2850.63 |
| Charles J. Spies | $1554.81 | $2850.63 |
| Adolph A. Spies | $1554.81 | $2850.63 |

Since there was sufficient income in the Bond Trust to pay the wife, Anna Spies, the $500 a month which that Trust provided for her, the Commissioner determined that $6000 was taxable to her in each of the years for which deficiencies were declared out of the Bond Trust and not out of the Testamentary Trust. Therefore, the amounts actually paid to her for the years in question out of the Testamentary Trust and upon which she paid income tax was credited to her. This is indicated by parentheses around those figures in the above schedule.

By letter, dated March 28th, 1946, the Commissioner advised each of the plaintiffs that he had determined deficiencies against them individually for the years 1941 and 1943, and on October 18th, 1946, these deficiencies plus interest were assessed in the following amounts:

| | 1941 | 1943 | Total |
|---|---|---|---|
| Anna Spies | $593.45 | $ 829.83 | $1423.28 |
| Elizabeth Spies Hossack | $779.01 | $1433.81 | $2212.82 |
| Charles J. Spies | $667.71 | $1409.17 | $2076.88 |
| Adolph A. Spies | $826.27 | $1718.62 | $2544.89 |

Each of the plaintiffs paid such amounts assessed against them on November 13th, 1946, under protest, and each filed a claim for refund on March 4th, 1948.

On the 29th day of January, 1948, the trustees of the two trusts, individually and as such trustees, filed two petitions in the District Court of Iowa in and for Palo Alto County, Equity Nos. 15864 and 15865, in both of which petitions Anna Spies and all of the Settlor-Testator's grandchildren were named as defendants. Both petitions sought a declaratory judgment under the provisions of Rule 264 of the Iowa Rules of Civil Procedure, No. 15864 requesting a construction of the Testamentary Trust and No. 15865 requesting a construction of the Bond Trust. Notice of these petitions was given to the Commissioner when the claims for refund were filed, and he was requested to appear and participate in the proceedings but he did not do so. That court on the 28th day of October, 1948, filed its Findings of Fact and Conclusions of Law in each case, and on the 16th day of November, 1948, filed its Decree and Judgment in each case. In each Judgment it was decreed that the trust being construed was a valid spendthrift trust under the Iowa law and that any income to be distributed by the trustees was not the property of any of the beneficiaries until the trustees made actual distribution. Paragraph 6 of the Judgment in No. 15865 states:

"It is further declared, adjudged and decreed that it is the true construction of said trust instrument, having due regard to all the terms of the instrument, including the provisions thereof creating a spendthrift trust and all other provisions, that it was the intention of the Settlor that the Trustees were to be, and they are, vested with full discretion and authority to distribute to, or withhold from distribution to, the three children of the testator, Elizabeth Spies Hossack, Charles J. Spies, and Adolph A. Spies, income, gains and profits, although the same accrued as income and was earned within the taxable year; and that income from the Trust property and assets in the possession of said Trustees is not, as the Trust Instrument is by the Court interpreted and construed, income required

to be distributed ·currently by the said Trustees to the ·beneficiaries."

The Judgment does not specifically pass upon the question of whether Anna Spies, Settlor's wife, was entitled to the $500 monthly income as provided by the trust as a matter of right or whether that provision was likewise subject to the discretion of the trustees.

This action was commenced on the 27th day of November, 1948, after more than six months had elapsed since plaintiffs had filed their claims for refund during which time the Commissioner had neither approved nor rejected their claims.

Section 22(a) of 26 U.S.C.A. defines "gross income" for the purposes of income taxation. It is provided therein that "gross income" shall include "income * * * of whatever kind." In 26 U.S.C.A. § 162(b) and (c) it is provided as follows:

"(b) ·There shall ·be allowed as an additional deduction in computing the net income of the estate or trust the amount of the income of the estate or trust for its taxable year which is to be distributed currently by the fiduciary to the beneficiaries, and the amount of the income collected by a guardian of an infant which is to be held or distributed as the court may direct, but the amount so allowed as a deduction shall be included in computing the net income of the beneficiaries whether distributed to them or not. Any amount allowed as a deduction under this paragraph shall not be allowed as a deduction under subsection (c) of this section in the same or any succeeding taxable year;

"(c) In the case of income received by estates of deceased persons during the period of administration or settlement of the estate, and in the case of income which, in the discretion of the fiduciary, may be either distributed to the beneficiary or accumulated, there shall be allowed as an additional deduction in computing the net income of the estate or trust the amount of the income of the estate or trust for is taxable year, which is properly paid or credited during such year to any legatee, heir, or beneficiary, but the amount so allowed as a deduction shall be included in comput-

ing the net income of the legatee, heir, or beneficiary."

The ultimate question for decision in the case of the widow Anna Spies is whether the income in question is in her case taxable to her under the provisions of 26 U. S.C.A. § 162(b) above set out. The ultimate question for decision in the case of the three children is whether the income in question is taxable to them either under the provisions of 26 U.S.C.A. § 162(b) above set out or under the provisions of 26 U.S. C.A. § 22(a) above noted.

One of the legal storm centers in the arguments in this case was the status of the declaratory judgments rendered by the state court relating to the two trusts in question. It is the claim of the Government that those two judgments are not entitled to determinative recognition by this Court because they were collusive in character and hence should not be accorded judicial recognition. It is the further contention of the Government that even if it should be held that the judgments in question were not collusive in character, they are not binding on this Court. It is the contention of the plaintiffs that the judgments in question were valid judgments and are binding upon this Court in the matter of the relation of the plaintiffs to the income from the trusts in question. The plaintiffs in connection with this contention cite and rely, among others, upon the cases of Blair v. Commissioner, 1937, 300 U.S. 5, 57 S.Ct. 330, 81 L.Ed. 465, and Freuler v. Helvering, Commissioner, 1934, 291 U.S. 35, 54 S.Ct. 308, 78 L.Ed. 634.

The question of whether state court decisions are binding upon the Federal Courts in passing upon Federal tax questions is one as to which the Federal Courts have long been in conflict. See annotation to the case of Eisenmenger v. Commissioner, 8 Cir., 1944, 145 F.2d 103, 156 A.L.R. 741; see also Bennett v. Commissioner, 5 Cir., 113 F.2d 837, 130 A.L.R. 374; United States v. Nunnally Inv. Co., 316 U.S. 258, 62 S.Ct. 1064, 86 L.Ed. 1455, 140 A.L.R. 797. Some of the decisions by the United States Court of Appeals for the Eighth Circuit dealing with this question are Eisenmenger v. Com-

missioner, supra; Hubbell v. Helvering, 1934, 70 F.2d 668; Mississippi Valley Trust Co. v. Commissioner, 1934, 72 F.2d 197, certiorari denied, 1934, 293 U.S. 604, 55 S. Ct. 119, 79 L.Ed. 695, rehearing denied, 1934, 293 U.S. 631, 55 S.Ct. 147, 79 L.Ed. 717; Sunnen v. Commissioner, 1947, 161 F.2d 171, certiorari granted 1947, 332 U.S. 756, 68 S.Ct. 78, 92 L.Ed. 342, reversed 1948, 333 U.S. 591, 68 S.Ct. 715, 92 L.Ed. 898. Further doubt and uncertainty as to the binding effect of state court decisions in Federal tax matters has been occasioned by the family partnership cases of Commissioner of Internal Revenue v. Tower, 1946, 327 U.S. 280, 66 S.Ct. 532, 90 L.Ed. 670, 164 A.L.R 1135 and Lusthaus v. Commissioner, 1946, 327 U.S. 293, 66 S.Ct. 539, 90 L.Ed. 679. It is the view of some courts that those decisions have superseded many prior decisions in which recognition was given to the holding of a state court having jurisdiction of a particular estate or trust. Craig v. United States, D.C.Pa. 1946, 69 F.Supp. 229, affirmed 3 Cir., 1947, 161 F.2d 1022. Federal courts in passing upon Federal tax questions when presented with state court adjudications relating to the same subject matter have apparently taken three attitudes toward such adjudications. These were referred to informally in argument in this case as being "me too," "so what!" and "maybe." For reasons hereafter stated, it is not deemed necessary for this Court to attempt to determine what the law is in regard to the recognition to be given by a Federal court in passing upon Federal tax matters to a judgment, order, or ruling of a state court relating to an estate or trust under its jurisdiction or to determine what recognition should be given in the present case to the judgments in the two state court actions.

█ It is the view of this Court that the state court in question did not determine that the $500 monthly payment for the widow, Anna Spies, was not payable to her monthly as a matter of right. The widow had no other income during the years in question. Under these circumstances the income tax consequences on the particular income involved in her case would not be substantially different whether the income tax was paid by the trust or by her. The three children involved had such other income as to place them in a fairly high income tax bracket. Therefore, in their cases the matter of whether the income tax was payable by the trust or by them was and is a matter of serious tax consequences. In the petitions, findings of fact, conclusions of law, and judgments in the two state court declaratory judgment actions, the emphasis was upon the relation of the three children to the income from the two trusts in question. In no place therein did the state court specifically hold or declare that the trustees could rightfully deny or postpone the $500 monthly payments to Anna Spies if her income from other sources did not amount to that much. The provision in the Bond Trust relating to such payments is mandatory in character. It is plain that the husband-settlor had in mind and understood the difference between mandatory payments and discretionary payments for in the same paragraph providing for the $500 monthly payments he provided that the additional monthly payment of $300 was to be discretionary with the trustees. It is believed that it was not the intent of the husband-settlor and husband-testator by any other provisions in the Bond Trust or the Testamentary Trust to negative the mandatory language contained in the provision in the Bond Trust providing for the $500 monthly payments, which were obviously intended for the care and support of Anna Spies. It is the view of the Court that during the years in question the $500 monthly payments were currently payable to her as a matter of right. Under the express provisions of Section 162(b) heretofore set out, the widow Anna Spies was legally liable to report and pay income tax on the entire sum of $6000 for each of the years in question, even though all of that sum was not demanded by her or paid to her during those years.

█ The major emphasis in the arguments in the present case was as to the income tax situation of the three children under the two trusts. It has been heretofore noted that the three children of the settlor and testator are the plaintiffs Charles J. Spies, Adolph A. Spies, and

774

Elizabeth Spies Hossack, and that they are the trustees under each of the trusts and that they constitute all of the trustees. It is the claim of those plaintiffs that the provisions made for them in such trusts constituted valid spendthrift trusts under the laws of the State of Iowa. The validity of spendthrift trusts is well established in Iowa. Jones v. Coon, 1940, 229 Iowa 756, 295 N.W. 162; Standard Chemical Co. v. Weed, 1939, 226 Iowa 882, 285 N.W. 175; Damhoff v. Shambaugh, 1925, 200 Iowa 1155, 206 N.W. 248; Kiffner v. Kiffner, 1919, 185 Iowa 1064, 174 N.W. 590; Meek v. Briggs, 1893, 87 Iowa 610, 54 N.W. 456, 43 Am.St.Rep. 410; see also Horack, Spendthrift Trusts in Iowa, 4 Iowa L.B. 139. Under the usual type of spendthrift trust the matter of payments from the income or corpus of the trust to a beneficiary or beneficiaries is discretionary with the trustees. In the usual spendthirift trust situation a beneficiary of such trust would be chargeable for Federal income tax purposes in any year for only the payments actually made to him or her for that year. In the present case the three beneficiaries of the spendthrift trusts and the three trustees of those trusts are identical. While the three trustees were the primary beneficiaries of the two trusts, they were not the only beneficiaries so that the question of merger is not involved. See Lunt v. Van Gorden, 1940, 229 Iowa 263, 294 N.W. 351; Freier v. Longnecker, 1939, 227 Iowa 366, 288 N. W. 444; Shope v. Unknown Claimants, 1916, 174 Iowa 662, 156 N.W. 850; 151 A. L.R. 1287

Because there are three trustee-beneficiaries of the spendthrift trusts in question and no one of them is free to deal alone with his own interest, the rule relating to sole trustee-beneficiary is not applicable. Blades v. Norfolk Southern R. Co., 1944, 224 N.C. 32, 29 S.E.2d 148, 151 A. L.R. 1278. It has been heretofore noted that under the provisions of the trusts in question, concurrence of two of the trustees was required for trustee action. It is held that where there are joint trustees they together form one collective trustee. Nichols v. Pospiech, 1939, 289 Mich. 324, 286 N.W. 633; see also 26 R.C.L., p. 1333.

In the present case it will be assumed without so deciding that the trusts in question were valid spendthrift trusts under the laws of the State of Iowa and that the payments of income to the three beneficiaries of such trusts is discretionary with the three trustees. Since that is what the state court adjudicated in the judgments referred to, no conflict with those adjudications arises in the present case. Since the distribution of the spendthrift trust income was and is discretionary with the three trustees, such income would not be "currently distributable" and would not be taxable to the beneficiaries under the provisions of Section 162(b). However, the fact that income is not taxable under the provisions of Section 162(b) does not prevent its being taxable under the provisions of Section 22(a), relating to taxability of income in general. Mallinckrodt v. Nunan, 8 Cir., 1945, 146 F.2d 1, certiorari denied, 324 U.S. 871, 65 S.Ct. 1017, 89 L.Ed. 1426.

The income in question was not in fact paid to the beneficiaries during the years in question so that they in fact did not receive it. Therefore, in the present case, such income could only be chargeable to them for income tax purposes under the "command of income" theory. This theory is exemplified by the cases of Corliss v. Bowers, 1930, 281 U.S. 376, 50 S.Ct. 336, 74 L.Ed. 916; Helvering v. Clifford, 1940, 309 U.S. 331, 60 S.Ct. 554, 84 L.Ed. 788; and Helvering v. Gordon, 8 Cir., 1937, 87 F. 2d 663. In both the Clifford and Corliss cases the Settlor of a trust by provisions in the trust retained control of and command over the trust property. The United States Supreme Court held that the income from the trust property was taxable to the Settlor under Section 22(a). In the Corliss case, 281 U.S. page 378, 50 S.Ct. page 336, supra, the Court states: "But taxation is not so much concerned with the refinements of title as it is with actual command over the property taxed."

It is without legal significance that the command over the income arises out of reservations made by the Settlor or arises out of a grant of authority by the Settlor. Mallinckrodt v. Nunan, 8 Cir., 1945, 146 F.

2d 1, 5. In the very recent case of Commissioner v. Culbertson, 69 S.Ct. 1210, the United States Supreme Court makes clear that in Federal income tax matters it is the actualities and realties of the situation that are of determinative importance. In the present case the three trustees have command and control of the net income of the trusts in question above that required to meet the payments to the widow. They can pay such income to themselves whenever they desire or they can accumulate it if they so desire. Technically, the role of the three children as trustees is distinct from their role as beneficiaries. Technically, they can alternate back and forth between those two roles. However, in actuality and reality the three trustee-beneficiaries do have command and control over the income in question for their own personal use and benefit payable as they see fit. It is believed that the legal situation is not changed because concurrence of two of the three is required in regard to the matter of distribution. Collectively the three children of the Settlor and testator were given command and control over the income in question for their own use and benefit, payable as they see fit, and the provision as to concurrence of two has to do only with how that command and control given them shall be exercised. It is the claim of the plaintiffs that the provisions in the trusts giving the trustees the right to decide what is net income is determinative. While for certain purposes of trust administration such provisions could be of importance, it is believed that such provisions can not prevail over what is classified as income under the Federal tax statutes.

It is the view of the Court that the plaintiffs Charles J. Spies, Adolph A. Spies, and Elizabeth Spies Hossack, had such command and control over the income in question as to make them chargeable therewith for Federal income tax purposes under the provisions of Section 22(a). It is the holding of the Court that the additional income taxes assessed by the Commissioner against the plaintiffs were legally owing by the plaintiffs, and that the claims of the plaintiffs be dismissed with prejudice and final judgment rendered in favor of the defendant.